IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal Case Number 13-168 (JDB) |
| v. : | |
| MICHAEL T. SESTAK, : | **FILED** |
| Defendant. : | NOV 0 6 2013 |
| : | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

### PRELIMINARY CONSENT ORDER OF FORFEITURE

WHEREAS, the defendant has pled guilty to an Information charging: Count One: Conspiracy to Commit Offenses Against the United States, that is, Bribery and Visa Fraud, in violation of 18 U.S.C. § 371; Count Two: Bribery of a Public Official, in violation of 18 U.S.C. § 201(b)(2); and Count Three: Conspiracy to Engage in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957 and 1956(h);

WHEREAS, the Information alleged that upon conviction of the offense in Count One, the defendant shall forfeit to the United States:

   a. any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of Conspiracy to Commit Bribery, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

   b. any property, real or personal, which constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense of Conspiracy to Commit Visa Fraud, pursuant to 18 U.S.C. § 982(a)(6);

1

  c. any property, real or personal, which was used to facilitate the offense of Conspiracy to Commit Visa Fraud, or was intended to be used to facilitate the offense, pursuant to 18 U.S.C. § 982(a)(6).

**WHEREAS**, the Information alleged that upon conviction of the offense in Count Two, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the following property:

  a. any property, real or personal, which constitutes or is derived from proceeds traceable to the offense;

  b. a money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

**WHEREAS**, the Information alleged that upon conviction of the offense in Count Three, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), the following property:

  a. any property, real or personal, involved in the offense, or any property traceable to such property.

**WHEREAS**, the Information alleged that upon conviction of the offenses in Counts One and Three, the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(a)(6)(A), and 28 U.S.C. § 2461(c):

  a. any and all funds and securities seized from Scottrade Account #XXXX0015, held in the name of Anhdao Thuy Nguyen ("Scottrade Account");

  b. $198,199.13 seized from the Department of Treasury from the Treasury Suspense Account under Seizure Number 38130010-01 ("Treasury Account");

  c. a money judgment in the amount of at least $6,021,440.58, for which the defendant is jointly and severally liable with any co-conspirators ordered to pay a forfeiture money judgment as a result of a conviction for either offense.

**WHEREAS**, in his plea agreement, the defendant agreed to the forfeiture of the above property and the entry of a forfeiture money judgment in the amount of at least $6,021,440.58;

**WHEREAS**, pursuant to Fed. R. Crim. P. 32.2(b)(1), this Court determines, based on the plea agreement and evidence set forth during the defendant's plea hearing, that the above property is subject to forfeiture, and that the Government has established the requisite nexus between the Scottrade Account and the Treasury Account and the offenses in Count One and Count Three;

**WHEREAS**, in his plea agreement, the defendant agreed to sell nine properties in Thailand that the defendant purchased with the proceeds of Count One and Count Three;

**WHEREAS**, in his plea agreement, the defendant agreed that the proceeds from the sale of the nine properties in Thailand, as defined in the plea agreement, would be paid to the United States to satisfy a portion of the money judgment entered against the defendant;

**WHEREAS**, upon entry of a forfeiture order, Fed. R. Crim. P. 32.2(b)(3) authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. That the following property is declared forfeited to the United States:

  a. any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of Conspiracy to Commit Bribery in Count One, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

  b. any property, real or personal, which constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense of Conspiracy to Commit Visa Fraud in Count One, pursuant to 18 U.S.C. § 982(a)(6);

  c. any property, real or personal, which was used to facilitate the offense of Conspiracy to Commit Visa Fraud in Count One, or was intended to be used to facilitate the offense, pursuant to 18 U.S.C. § 982(a)(6);

  d. any property, real or personal, which constitutes or is derived from proceeds traceable to the offense in Count Two, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

  e. any property, real or personal, involved in the offense in Count Three, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1);

2. The following property is declared forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(a)(6)(A) and 28 U.S.C. § 2461(c):

  a. the Scottrade Account;

  b. the Treasury Account.

3. As a result of the conviction of the offenses in Count One and Count Three, the Court enters a forfeiture money judgment in the amount of at least $6,021,440.58, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(a)(6)(A) and 28 U.S.C. § 2461(c), for which the defendant is jointly and severally liable with any co-conspirators ordered to pay a forfeiture money judgment as a result of a conviction for either offense.

4. Scottrade is ordered to liquidate the contents of the Scottrade Account in a reasonable and prudent manner for the purpose of maximizing the value of the account.

5. Following the liquidation of the Scottrade Account, Scottrade shall provide the entire liquidated amount to a designated law enforcement officer in the form of an official check payable to the United States Marshals Service.

6. The net value of the forfeited property shall be credited towards the money judgment.

7. The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

9. The Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Catherine K. Connelly, Asset Forfeiture and Money Laundering Section, 555 Fourth Street, N.W., 4th Floor, Washington, D.C. 20530 or USADC.AFMLS2@usdoj.gov.

Dated this __6th__ day of ~~October~~ November, 2013.

_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

/s/ Ronald C. Machen Jr.
RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

By: _____
Catherine K. Connelly
Assistant United States Attorney
Mass. Bar No. 649430
Asset Forfeiture and Money Laundering Section
United States Attorney's Office
555 Fourth Street, N.W., 4th Floor
Washington, DC 20530
(202) 252-7732
Catherine.Connelly2@usdoj.gov

_____
Michael T. Sestak
Defendant

_____
Michael Hannon
Attorney for the Defendant